24-2131-cv
*Applewhite, et al. v. N.Y.C. Dep't of Educ., et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

PRESENT:     DENNIS JACOBS,
             DENNY CHIN,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.

_____

CARMEN APPLEWHITE;
JAMILLAH SALAHUDDIN,

    *Plaintiffs-Appellants*,

      v.                                                          24-2131-cv

NEW YORK CITY DEPARTMENT OF
EDUCATION; RICHARD A. CARRANZA,
Former Chancellor of NYC DOE;
KRISTINA BEECHER, Principal of P.S. 3
Within District 13; THOMAS MCBRYDE,
Superintendent of District 19; RONALD
JAMES, JR., Principal of P.S. 202 in District
19; TIFFANY RICHARDS, Assistant

Principal of P.S. 202 in District 19; CITY OF
NEW YORK,

  *Defendants-Appellees.*[*]

_____

FOR PLAINTIFFS-APPELLANTS:    CARMEN APPLEWHITE, and
                 JAMILLAH SALAHUDDIN, *pro se*,
                 Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:    GEOFFREY E. CURFMAN (Ingrid R.
                 Gustafson, *on the brief*), of counsel,
                 *for* Muriel Goode-Trufant,
                 Corporation Counsel of the City of
                 New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 9, 2024, is **AFFIRMED**.

Carmen Applewhite and Jamillah Salahuddin brought this action against the New York City Department of Education ("NYC DOE"), several NYC DOE employees, and the City of New York. They asserted federal claims arising under the Whistleblower Protection Act ("WPA"), the National Labor Relations Act ("NLRA"), Title VII, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the First Amendment related to their treatment while employed at the NYC DOE. They also asserted state law violations and attempted to bring disability discrimination claims on behalf of their special education

---

[*] The Clerk's Office is directed to amend the caption as reflected above.

students.  The District Court dismissed all of their claims.  *See Applewhite v. N.Y.C. Dep't of Educ.*, No. 1:21CV02928(AMD), 2024 WL 3718675 (E.D.N.Y. Aug. 8, 2024).

We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I.    Abandonment of Arguments on Appeal

Plaintiffs' brief on appeal gives only cursory treatment to several issues, addressing them in only one or two sentences.  Issues not sufficiently argued in briefs, even by self-represented parties, are considered abandoned and normally will not be addressed by this Court.  *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).  As such, we consider here only those arguments that plaintiffs have raised in more than a cursory manner: (1) that they had standing to sue on behalf of their students, (2) that Salahuddin stated a plausible First Amendment retaliation claim, and (3) that their ADA failure to accommodate claims were improperly dismissed.

## II.    Plaintiffs' Claims Regarding Alleged Harm to Students

This Court "review[s] *de novo* the District Court's decision to dismiss [a] complaint for lack of standing . . . , construing the complaint in plaintiffs' favor and accepting as true all material factual allegations." *Dubuisson v. Stonebridge Life Ins. Co.*, 887 F.3d 567, 573 (2d Cir. 2018) (quotation marks, citation, and alterations omitted).  The SAC makes a number of allegations of harm to plaintiffs' students, including: Salahuddin's students were denied an "age appropriate bathroom"; the allegedly hostile work environment created an "unsafe learning environment" for Applewhite's students; and the NYC DOE "knowingly denied students with special needs mandated services" and "discriminated against them."

3

Second Amended Complaint ("SAC"), *Applewhite*, No. 1:21CV02928(AMD) (E.D.N.Y. Oct. 16, 2023), ECF No. 70 at 14, 11, 24. It is unclear whether plaintiffs seek relief on behalf of their students or on their own behalf for these alleged harms – or if these allegations are mere context.

To the extent they seek to vindicate their students' rights, plaintiffs – who are not lawyers – cannot represent their students in federal court. The law "does not permit unlicensed laymen to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (quotation marks and citation omitted). To the extent these allegations are intended to reflect claims for associational discrimination, the SAC fails to allege any injury to *plaintiffs* causally linked to discrimination against their *students*. "[T]o gain entry to the courts, non-disabled parties bringing associational discrimination claims need only prove an independent injury causally related to the denial of federally required services to the disabled persons with whom the non-disabled plaintiffs are associated." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279 (2d Cir. 2009) (Wesley, *J.*, concurring).[1]

Accordingly, any claims in the SAC based on alleged harm to plaintiffs' students are properly dismissed for failure to state a claim or for lack of standing.

## III. Merits of Plaintiffs' Claims

This Court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim, construing submissions by self-represented parties liberally, accepting all

---

[1] Judge Wesley's concurrence represented the panel's majority opinion on this issue. *See Loeffler*, 582 F.3d at 270.

factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs' favor. *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

## A. First Amendment Retaliation Claim

The only alleged instance of First Amendment retaliation mentioned by plaintiffs in their brief is the claim that Salahuddin "was taken off email lists pertinent to her job and her access to her schools.nyc.gov. was terminated" after "raising the alarm about what was happening to the special education students." Appellants' Br. at 6. This allegation does not state a First Amendment retaliation claim.

A public employee making a First Amendment retaliation claim under 42 U.S.C. §1983 "must show that (1) her speech was constitutionally protected, (2) she suffered from an adverse employment action, and (3) her speech was a motivating factor in the adverse employment determination regarding her." *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002). Here, the SAC draws only conclusory connections between the protected activity and the alleged adverse action. Therefore, Salahuddin's alleged removal from email lists and the termination of her access to the NYC DOE's website is insufficient to plead a plausible First Amendment retaliation claim.

## B. Failure to Accommodate

Plaintiffs also argue that their ADA failure to accommodate claims were improperly dismissed. "[A] plaintiff makes out a prima facie case of disability discrimination arising from a failure to accommodate by showing . . . [that] (1) [she] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential

5

functions of the job at issue; and (4) the employer has refused to make such accommodations." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96–97 (2d Cir. 2009) (quotation marks and citation omitted).

Applewhite asserts that she applied twice for an ADA accommodation permitting her to work remotely but was denied on both occasions. However, the SAC does not allege that Applewhite could perform the essential functions of her job as a special education teacher remotely. Consequently, her failure to accommodate claim was properly dismissed.

Salahuddin's failure to accommodate claim was also properly dismissed. She alleged that she suffered from an "arthritic knee condition" and "work-related anxiety and PTSD," but that she was denied ADA accommodations. SAC at 8, 21. She was eventually "granted medical hardship and access to an elevator, but the [d]efendants failed to fully accommodate her physical disability" because she was required to travel from floor to floor with her students. *Id.* at 15. These allegations are insufficient to state a failure to accommodate claim because they are conclusory, and Salahuddin did not describe any specific additional accommodations she requested or claim that they were reasonable.

We have considered plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6